
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07-30079 |
| Plaintiff, | |
| -vs- | OPINION AND ORDER DENYING MOTION FOR DNA TESTING |
| JOSEPH E. ESPINOSA, SR., | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, who is serving a thirty year sentence for aggravated sexual abuse, filed a motion for post conviction DNA testing pursuant to the Innocence Protection Act of 2004, 18 U.S.C. § 3600.

## BACKGROUND

Defendant was charged with having sexually abused his girlfriend's grandnieces who were residing at his residence. He was charged in Counts I, II, and III with having sexually abused THS between November 24, 2005, and November 23, 2006, when she was under the age of 12. He was charged in Counts IV, V, and VI with having forcefully sexually abused THS between November 24, 2006, and February 26, 2007, when she was between the ages of 12 and 16. He was charged in Count VII with having engaged in sexual contact with KHS between August 1, 2002, and September 28, 2003, when KHS was under the age of 12. He was charged in Count VIII with having engaged in sexual contact with KHS between September 29, 2003, and September 28, 2005, when KHS was between the ages of 12 and 16.

At trial, I granted the defendant's motion for judgment of acquittal of the charges in Counts I, II, V, VI, and VIII. On April 17, 2008, the jury returned verdicts of guilty on

Counts IV and VII but was unable to reach a verdict on Count III. I dismissed Count III. Defendant was sentenced on November 30, 2008, to concurrent terms of 30 years and 20 years custody. He appealed his convictions and sentences and the United States Court of appeals affirmed the Count IV aggravated sexual abuse conviction and sentence but reversed the Count VII abusive sexual contact conviction and sentence. United States v. Espinosa, 585 F.3d 418 (8th Cir. 2009). Upon remand, I entered a judgment of acquittal on the Count VII abusive sexual contact charge and an amended judgment sentencing the defendant to 30 years custody on the aggravated sexual abuse charge.

Defendant filed a motion to vacate, set aside, or correct his conviction and sentence contending that the indictment was defective because the grand jury failed to make a finding that the victim was an Indian. That motion was denied as untimely and on the merits.

## DECISION

Under the Innocence Protection Act, an individual serving a federal sentence may move the sentencing court for DNA testing of specific evidence if the defendant meets all ten criteria set out under the Act. 18 U.S.C. § 3600(a). Two of the criteria are that:

(3) the specific evidence to be tested:

> (A) was not previously subjected to DNA testing . . . or
> (B) was previously subjected to DNA testing and the applicant is requesting DNA testing using a new method or technology that is substantially more probative than the prior DNA testing.

(4) The specific evidence to be tested is in the possession of the Government and has been subject to a chain of custody and retained under conditions sufficient to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing.

18 U.S.C. § 3600(a)(3), (4).

Defendant seeks to have the following items tested:

2

(1) a sexual assault kit collected from the victim;
(2) the king sized mattress upon which the alleged assault took place;
(3) fabric sheets; and
(4) the alleged victim's clothing.

Defendant contends that those items were not previously subjected to DNA testing.

Defendant has only been convicted of one count, having forced THS to engage in sexual intercourse at his home in February 2007. The trial testimony showed that the victim had been living with her great aunt, Marie Flying, and Marie's boyfriend, the defendant, since she was a baby. On February 25, 2007, the victim, who was home from boarding school for the weekend, told Marie that the defendant had sexually abused her that weekend. Marie called her son, David Flying, and David came to take the victim to his house. The next day, David took the victim back to her school. The victim reported the abuse to her counselor and the police were called that day. The victim was taken to the hospital and a sexual assault evidence collection kit (" rape kit") examination was performed. The victim was then taken into Tribal custody.

The mattress the victim had been sleeping on at the defendant's house had previously been used by the defendant and Marie. It had been in the victim's bedroom for three to four years prior to the offense. The offense took place on that mattress. One week after the victim was taken from Marie's custody and placed in Tribal custody, her son David took that mattress to his house for his daughter to use. It was taken into evidence by the Federal Bureau of Investigation ("FBI") approximately one month later.

At trial, Edward Aamold, a criminalist at the South Dakota Forensic Labortory, testified that he performed tests on the rape kit evidence from THS looking for biological material. He tested vaginal swabs, surgical swabs, anal swabs, oral swabs, or a pair of panties for the presence of semen. None was found. Those items were returned to the FBI.

Juliet Bickmore, a forensic examiner in the DNA laboratory of the FBI, received the items in the rape kit and also two sections of the mattress lining which contained

3

stains. She did serology tests on the items in the sexual assault kit and also found no blood or semen to test. There were specific areas of the mattress that tested positive for the presence of semen and DNA analysis was conducted on the semen. Defendant was the major contributor of the DNA found on one area of the mattress. The victim's great aunt was not excluded as a contributor. The victim was excluded as a contributor of the DNA found. In another sample the defendant was the major contributor of DNA found and the victim and her great aunt could not be excluded. There was other DNA that did not match any of the known samples and could be from at least four other contributors.

The items in the rape kit were tested twice for the presence of biological material upon which DNA testing might be done. Both tests were negative for any such material. There was no testimony that any clothing of the victim other than her panties was ever taken into the government's custody as evidence.

The mattress was tested for DNA evidence and such evidence was admitted at trial. There was no testimony that any sheet was ever taken into the government's custody as evidence. When the mattress was seized, over a month had elapsed since the date of the offense and the mattress had been moved to another residence in the interim.

The defendant's motion to have the mattress and rape kit items tested for DNA fails because those items were already subject to testing. There is no contention that there are new methods or technology which were not available when the items were tested in 2007.

Defendant's motion to have other clothing or a sheet tested for DNA fails because there is no contention by the defendant and there was no trial testimony that the government ever had such items in its custody.

Mandatory testing under the Act further requires a finding that:

> (8) The proposed DNA testing of the specific evidence may produce new material evidence that would –
> (A) support the theory of defense [referenced previously] and

4

> (B) raise a reasonable probability that the applicant did commit the
> offense.

18 U.S.C. § 3600(a)(8). Defendant's motion fails on this criteria. The defense at trial was that he did not sexually assault the victim - the victim was lying. The trial testimony showed that any DNA evidence on the mattress could have been deposited there when the defendant and his girlfriend were using the mattress in the years prior to the offense. The absence of any DNA evidence in the rape kit bolstered the defendant's claim that he did not sexually assault the victim. Any evidence obtained from further testing would not raise a reasonable probability that the defendant did not commit the offense because the DNA evidence admitted did not raise any probability that the defendant did commit the offense.

Finally, the motion for DNA testing fails because the defendant cannot meet the final criteria, timeliness. The Act requires that:

> (10) The motion is made in a timely fashion, subject to the following conditions:
>> (A) There shall be a rebuttable presumption of timeliness if the motion is made within 60 months of enactment of the Justice For All Act of 2004 or within 36 months of conviction, whichever comes later. Such presumption may be rebutted upon a showing--
>>> (i) that the applicant's motion for a DNA test is based solely upon information used in a previously denied motion; or
>>> (ii) of clear and convincing evidence that the applicant's filing is done solely to cause delay or harass.
>> (B) There shall be a rebuttable presumption against timeliness for any motion not satisfying subparagraph (A) above. Such presumption may be rebutted upon the court's finding--
>>> (i) that the applicant was or is incompetent and such incompetence substantially contributed to the delay in the applicant's motion for a DNA test;
>>> (ii) the evidence to be tested is newly discovered DNA evidence;

    (iii) that the applicant's motion is not based solely upon the applicant's own assertion of innocence and, after considering all relevant facts and circumstances surrounding the motion, a denial would result in a manifest injustice; or
    (iv) upon good cause shown.
   (C) For purposes of this paragraph--
    (i) the term "incompetence" has the meaning as defined in section 4241 of title 18, United States Code;
    (ii) the term "manifest" means that which is unmistakable, clear, plain, or indisputable and requires that the opposite conclusion be clearly evident.

18 U.S.C. § 3600(a)(10). The motion here was not made within 36 months of the defendant's conviction. There is no contention that the defendant has been incompetent or that there exists newly discovered DNA evidence. The motion is based solely upon the defendant's own assertion of innocence. Denial of the motion would not result in manifest injustice.

  Now, therefore,

  IT IS ORDERED that the defendant's motion, Doc. 112, for post-conviction DNA testing is denied.

  Dated this 7th day of November, 2012.

          BY THE COURT:

          */s/ Charles B. Kornmann*
          CHARLES B. KORNMANN
          United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Barbara J. Poepke*
    DEPUTY
(SEAL)